# NEW YORK STATE
# DIVISION OF HUMAN RIGHTS

TO:     Files                                          REGION:  Buffalo

FROM:  Debbie S. Kent                                  DATE: December 4, 2018
       Regional Director

SDHR CASE NO: 10195081-18-E-TV-

SUBJECT:    Lynda M. Derfert v. Charter Communications, Inc.

### FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

### I.    CASE SUMMARY

This is a verified complaint, filed by complainant, Lynda M. Derfert, on Mon 6/11/2018. The complainant, who was convicted of an attempted robbery felony charge in 1998 and given a conditional discharge for a petit larceny misdemeanor in 2014, charges the respondent with unlawful discriminatory practices in relation to employment because of arrest record and conviction record.

### II.   SUMMARY OF INVESTIGATION

Complainant's Position:

Complainant maintains she was not hired for a Customer Service Representative position because of her prior arrest record that was resolved in her favor and her conviction record.

Respondent's Position:

Respondent maintains complainant's conditional job offer was rescinded because she failed the background check by failing to disclose her conviction for petit larceny, which was considered a job-related offense.

Investigator's Observations:

Complainant, who was convicted of an attempted robbery felony charge in 1998 and arrested for petit larceny misdemeanor in 2014, states on 9/20/17 she applied for a Customer Care Position with respondent, to start on 11/6/17 at $13.05 per hour.  Complainant's conditional job offer was rescinded on 11/3/17.

Complainant states Melissa Wilcox contacted her to come in for an interview on 10/13/17, which she attended on 10/17/17 and was offered the position.  Complainant was advised to complete pre-hire activities online, after which, on 10/17/17 she received nine e-mails from respondent instructing her to complete the onboarding information.  Complainant received a "Congratulations. Welcome to Charter" at 10:45am and a "Charter Offer Letter" at 12:05pm stating the job offer was contingent on successful completion of a background check and drug

screening within 48 hours.  Complainant states she completed the information related to the background check on 10/17/17 and the drug screening was completed on 10/19/17.

Complainant states on 11/2/17 she received an e-mail from respondent with the subject line "New Hire," informing her an ID card was needed for access on her first day, so she should download a photograph to print the ID card.  Complainant states she called Ms. Wilcox to see if she could drop a photo off instead, but Ms. Wilcox informed her the background check was still pending and to call General Information Services (GIS).  Complainant states she called GIS and left a message.  Respondent states it utilizes GIS to conduct background checks, which includes a review of a candidate's criminal history.  Respondent states, after completion of the background check, GIS makes an initial assessment utilizing Charter's Criminal Matrix and grades the candidate as either "eligible" or "review."  Exhibit E.  Respondent states that those graded as "review" are subject to an additional review by respondent's pre-employment team based on the Criminal Matrix and an individual assessment of the responsibilities of the position in question.

Complainant states on 11/3/17 she received an e-mail from GIS stating they completed the background check on 10/30/17 and sent it to respondent.  Complainant states she called Ms. Wilcox back, leaving multiple messages until she heard back from Ms. Wilcox, who informed complainant that she was notified by GIS that complainant would not be able to start working that Monday.  Complainant states she asked for a reason and Ms. Wilcox stated respondent is not told the reason, but just whether or not a candidate is eligible for employment with respondent.  Complainant states Ms. Wilcox advised her to call GIS for an explanation because she did not know what showed up on the background check.  Complainant states she called GIS to inquire why she was not eligible and GIS said they perform the background check requested and return the results back to the company, but cannot tell an employer whether or not to hire someone.  Complainant states she tried calling Ms. Wilcox back, but never received a response.  Respondent states GIS sent complainant's background check to respondent, which was graded as "review."  Respondent states the background check revealed a 1998 Class E felony conviction for attempted robbery, which complainant voluntarily disclosed, and a 2014 Class A misdemeanor conviction for petit larceny, which she had not disclosed. Exhibit F.  Respondent states it did not consider the felony conviction as it was more than 7 years old, however, respondent was compelled to rescind its employment offer to complainant due to her failure to disclose the 2014 petit larceny conviction.  Respondent maintains the petit larceny is a job-related offense as it has a direct relationship to the Customer Relationship Representative I position because employees in that role are entrusted with access to confidential customer credit information.

Complainant states GIS told her that respondent made the decision, while respondent said GIS made the decision.  Complainant states she contacted GIS to request a copy of the background check results.  Complainant states neither respondent nor GIS provided a reason as to why she was not hired.  Complainant received an e-mail from respondent on 11/9/17 stating the offer was rescinded, with no explanation.  Respondent states the reason why complainant was disqualified was expressly provided in the background report sent to complainant on 11/3/18.  Respondent states once a conditional offer is made, there are numerous submissions requested from the applicant, one of which is the background authorization where the applicant would

indicate his/her criminal history.  Respondent states it could not access or provide complainant's background authorization, where complainant indicated her criminal history, however, on the background check itself, it indicates which charges are admitted.

Complainant states she noticed Class A Misdemeanor/Petit Larceny showed up and it said she failed to disclose the criminal charge.  However, complainant states she believed she answered the questions truthfully and honestly, to the best of her knowledge.  Complainant states listed that she had a felony conviction for attempted robbery-class E.  However, she did not list the arrest for petit larceny misdemeanor, as she received an Adjournment in Contemplation of Dismissal (ACD), upon completion of which the matter was discharged, thus no conviction.  Complainant submitted a copy of her Certificate of Disposition with a disposition date of 1/30/2014 showing the grand larceny was plead down to a petit larceny, for which she was given an ACD.  The Cheektowaga Town Court was contacted as part of the Division investigation, and verified that complainant had fulfilled the requirements of the ACD and the case dismissed.

Complainant states she has tried to re-apply to respondent just to get to the section where it asks about criminal history to no avail.  Complainant believes this information is not asked for until a candidate is hired.  Complainant maintains the e-mails she received from respondent state the offer is contingent on completion of a background check and drug screen, not results of the background check and drug screen.  Respondent maintains passing the background check and drug screen are implied.

Complainant states she has left many messages for Ms. Wilcox, wondering if she is eligible to re-apply or apply for a different position and if there was a waiting period, however, Ms. Wilcox never called her back. Complainant states she has applied on 11/9/17, 12/3/17, 1/10/18 and 1/5/18.  When complainant applied on 11/9/17, she received an e-mail thanking her for applying and asking her to complete an assessment within 48 hours.  Complainant states she received an e-mail 11 hours later stating completion of an assessment is required and, therefore, respondent is unable to move complainant forward in the selection process.  Complainant states on 12/4/17 she applied again and received an e-mail stating thank you for completing the assessment, but nothing else.  Complainant states on 1/10/18 she applied again and was prompted to complete an assessment in 48 hours.  Complainant states on 1/18/18, she received an e-mail stating upon reviewing complainant's resume, respondent found she did not meet the minimum qualifications required for the position, which were a high school diploma, call center experience, strong communication skills, willingness to field customer phone calls for 8 hours, and knowledge of operating systems, Wi-Fi networks, online services, browsers and mobile device apps.  Complainant states she has a high school diploma, 3 years call center experience and over 15 years customer service relations.  Complainant states she knows more about Wi-Fi networks, operating systems, online services, browsers and mobile device apps than most other candidates.  Complainant states on 2/5/18, she applied for a Customer Service Video Repair position and was instructed to complete the assessment, however, when complainant attempted to complete the assessment, she received a response that said she completed the assessment.  Complainant states she never heard any response back.  Complainant states she attempted to apply on 3/16/18 and on 3/28/18 received an e-mail stating respondent records indicate complainant did not complete the assessment required to consider complainant for the position, and would be unable to move complainant forward in the selection process.  Respondent states

complainant was disqualified for the subsequent positions applied for due to recently failing the background check.

        Submitted by: _____
                Gretchen K. Sullivan
                Human Rights Specialist I

### III. BASIS FOR DETERMINATION

The record supports complainant's allegations that she was not hired because of her prior arrest record, that was resolved in her favor. The record shows respondent acknowledges rescinding complainant's job offer based on complainant's failure to disclose a 2014 Class A misdemeanor for petit larceny. Complainant did not disclose the arrest because she was never convicted. The record shows complainant's petit larceny charge was dismissed after complainant fulfilled the requirements of a conditional discharge and, therefore, complainant was not required to disclose a dismissed charge on her job application. Section 296.16 of the NYS Human Rights Law states:

> It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual…

As the record shows respondent took an adverse action (denied/rescinded hire) against complainant regarding a prior arrest, which was not then pending, and which was resolved in complainant's favor, the matter should proceed to a public hearing.

      Reviewed & Approved: _____
                Christine M. Cederman
                Human Rights Specialist II

### IV. DETERMINATION

Based on the foregoing, I find Probable Cause to support the allegations of the complaint.

                _____
                Debbie S. Kent
                Regional Director