

**ANDREW M. CUOMO**
Governor

**JOHNATHAN J. SMITH**
Interim Commissioner

July 21, 2020

Re:     Lynda M. Derfert v. Charter Communications, Inc.
Case No.      10195081

To the Parties Listed Below:

Please be advised that pursuant to Section 465.12 of the Rules of Practice, 9 N.Y.C.R.R
§ 465.12, the above-referenced matter has been scheduled for a telephonic preliminary
conference before **Martin Erazo, Jr.**, an Administrative Law Judge of the New York State
Division of Human Rights, on the following date and time:

Date:      Tue 8/4/2020

Time:      9:00 AM - 11:00 AM

Place:     All parties individually or jointly with their respective representative(s)
must attend by dialing the following number **(518) 549-0500** and when
prompted enter the following conference code **95903478** followed by the
number/pound (#) sign.

At least five days before the scheduled preliminary conference date, the parties must submit the
following information to the assigned Administrative Law Judge, a copy of which must be
served upon each of the other parties: (a) a brief statement of each issue in the case; (b) a detailed
description of each proposed exhibit and its relevance to the issues identified; and (c) a list of
proposed witnesses, with an explanation of their identity and the scope of their knowledge of the
facts of the case.  The parties must exchange copies of proposed exhibits, or images of physical
evidence, at least five days before the scheduled preliminary conference.  Please note that
exhibits should not be submitted to the Administrative Law Judge before the preliminary
conference and that you must be prepared to select hearing dates.

At least two business days before the scheduled preliminary conference, Respondent(s) must,
and any necessary party may, file a written answer to the complaint, sworn to and subject to the
penalties of perjury, as set forth in 9 N.Y.C.R.R. § 465.11, with the assigned Administrative Law
Judge, and must serve a copy upon each of the other parties to the proceeding.  The answer must
contain all affirmative defenses.

If you would like access to the Division's records, please contact: Siaka Paasewe, via mail at the New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458, email at foil@dhr.ny.gov, or facsimile at (718) 741-8256.  Please note that your request for documents, or the Division's response or date of response thereto, will not affect the date of the preliminary conference and cannot be used to request a postponement or rescheduling of the preliminary conference.

Adjournment requests must be in writing, addressed to the assigned Administrative Law Judge, and received no less than five days before the date set for the preliminary conference. Adjournment requests must be submitted by mail or by fax, addressed to the assigned Administrative Law Judge.  Adjournment requests must include proposed alternative dates, as agreed to by all parties.  Ex-parte (i.e., when the other party is not copied) requests for adjournments will be automatically denied.

No adjournment of the preliminary conference shall be granted except for actual engagement before a higher tribunal or for other good cause shown.  **Settlement discussions or settlements in principle do not constitute good cause**.

Interpretation services will be provided at no charge.

Date:   July 21, 2020
        Bronx, New York

Yours truly,

Shirese Taylor
Chief Calendar Clerk

TO (this document sent via email only):

Complainant
Lynda M. Derfert
212 Como Park Boulevard
Cheektowaga, NY 14227
Hayleylynn2000@yahoo.com

Respondent
Charter Communications, Inc.
Attn: CEO/Legal Department
12405 Powerscourt Drive
Saint Louis, MO 63131
sarah.e.wright@charter.com;   darrin.simmons@charter.com

Respondent Secondary Address
Charter Communications, Inc.
Attn: CEO/Legal Department
Counsel's Office, 7820 Crescent Executive Drive
Charlotte, NC 28217
sarah.e.wright@charter.com;   darrin.simmons@charter.com

Respondent Attorney
John T. Midgett, Esq.
Charter Communications, LLC (a subsidiary of Charter Communications, Inc.)
400 Atlantic Street
Stamford, CT 06901
C-John.Midgett@Charter.com

Respondent Attorney
Ashley Hale, Esq.
Morgan Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178
ashley.hale@morganlewis.com

State Division of Human Rights
Prosecutions Unit
Robert Goldstein, Director of Prosecutions
One Fordham Plaza, 4th Floor
Bronx, New York 10458

Assigned:      Neil L. Zions, Senior Attorney
               65 Court Street, Suite 506
               Buffalo, NY 14202
               (716) 847-7630
               Neil.Zions@dhr.ny.gov

Office of Administrative Law Judges
Martin Erazo, Jr., Administrative Law Judge
Walter J. Mahoney State Office Building
65 Court Street, Suite 506
Buffalo, NY 14202
Tel: (718) 741-8255
Fax: (718) 741-8333



**ANDREW M. CUOMO**
Governor

**JOHNATHAN J. SMITH**
Interim Commissioner

# Notice of Important Document

| | |
|---|---|
| **ENGLISH** | **This is an important document.  If you need help to understand it, please call (718) 741-8400. An interpreter will be provided free.** |
| **Español** <br><br> **Spanish** | Este es un documento importante. Si necesita ayuda para entenderlo, por favor llame al (718) 741-8400. Se le proveerá un intérprete gratis. |
| 简体字 <br><br> **Simplified Chinese** | 这是一份重要文件。 如果您需要帮助理解此文件， 请打电话至 (718) 741-8400。 您会得到免费翻译服务。 |
| 簡體字 <br><br> **Traditional Chinese** | 这是一份重要文件。如果您需要幫助理解此文件，請打電話至(718) 741-8400。 您会得到免費翻譯服務。 |
| **Kreyòl Ayisyen** <br><br> **Haitian Creole** | Sa a se yon dokiman enpòtan. Si ou bezwen èd pou konprann li, tanpri rele: (718) 741-8400. Y ap ba ou yon entèprèt gratis. |
| **Italiano** <br><br> **Italian** | Il presente documento è importante. Per qualsiasi chiarimento può chiamare il numero (718) 741-8400. Un interprete sarà disponibile gratuitamente. |
| 한국어 <br><br> **Korean** | 이것은 중요한 서류입니다. 도움이 필요하시면, 연락해 주십시오: (718) 741-8400. 무료 통역이 제공됩니다. |
| **Русский** <br><br> **Russian** | Это важный документ. Если Вам нужна помощь для понимания этого документа, позвоните по телефону (718) 741-8400.  Переводчик предоставляется бесплатно. |

The following are general responses to frequently asked questions.  The responses are not legal advice and should be used for informational purposes only.

## WHAT LAWS GOVERN THE HEARING PROCESS?

The New York State Human Rights Law (N.Y. Exec. Law, art. 15), and the Division's Rules of Practice (9 N.Y.C.R.R. § 465) outline the policies and procedures that govern the hearing process held at the New York State Division of Human Rights.  The Human Rights Law and the Division's Rules of Practice are available on the Division's website at www.dhr.ny.gov.

## WHAT IS A PUBLIC HEARING?

A public hearing is a trial-like proceeding at which relevant evidence is placed in the hearing record.  It is a hearing *de novo*, which means that the Commissioner's final decision on the case is based solely on the content of the hearing record.  The public hearing is presided over by an Administrative Law Judge (ALJ), and a verbatim transcript is made of the proceedings.

The hearing may last one or more full days.  The hearing sessions are generally scheduled on consecutive days.  Parties are notified of all hearing sessions in advance, and the case may be adjourned to a later date only for good cause.

Respondent can retain private counsel for the hearing.  If Respondent is a corporation, it is required to be represented by legal counsel.  Complainant can retain private counsel for the hearing but is not required to do so.  If Complainant is not represented by private counsel, the Division's counsel prosecutes the case in support of the complaint.  Attorneys for the parties or for the Division may issue subpoenas for documents and/or to compel the presence of witnesses.

After the public hearing is concluded, the ALJ prepares a recommended order that is sent to the parties for comment.

After comments are received, the Commissioner issues a final order.  The Commissioner either dismisses the complaint or finds that discrimination occurred.  If the Commissioner finds that discrimination occurred, Respondent will be ordered to cease and desist and take appropriate action, such as reinstatement, training of staff, or provision of reasonable accommodation to a known disability.  The Commissioner may award money damages to Complainant, including back pay and compensatory damages for mental pain and suffering, and in certain instances, punitive damages and attorney fees.  The Commissioner may also order Respondent to pay civil fines and penalties to the State of New York.  Either party may appeal the Commissioner's Order to the State Supreme Court within 60 days.  Orders after hearing are transferred by the State Supreme Court to the Appellate Division for review.

# FREQUENTLY ASKED QUESTIONS

1.  **When should an answer to the complaint be filed?**

    At least two business days prior to the scheduled preliminary conference, Respondent and any necessary party, must file a written answer to the complaint, sworn to and subject to the penalties of perjury.  The written answer must be filed with the assigned ALJ and served upon each of the other parties to the proceeding.  The answer must contain all affirmative defenses.

2.  **When should the preliminary conference statement be filed?**

    At least five days before the scheduled preliminary conference date, the parties must submit the following information to the assigned Administrative Law Judge, a copy of which must be served upon each of the other parties: (a) a brief statement of each issue in the case; (b) a detailed description of each proposed exhibit and its relevance to the issues identified; and (c) a list of proposed witnesses, with an explanation of their identity and the scope of their knowledge of the facts of the case.

3.  **When should the parties exchange exhibits?**

    The parties must exchange their proposed exhibits at least five days before the scheduled preliminary conference.

4.  **How do I communicate with the ALJ?**

    All formal papers, including, but not limited to the answer, must be submitted via personal service, mail, or fax (with an original to follow), with a copy to all parties, for proper docketing and timely filing.  Formal papers submitted via electronic mail (hearing-correspondence@dhr.ny.gov) are deemed courtesy copies and do not constitute proper service.

5.  **Can I speak with the ALJ?**

    Ex-parte communication (i.e., by only one party) with the ALJ assigned to the case is strictly prohibited.  The parties may jointly request a conference with the ALJ through the Office of Administrative Law Judges.

6.  **What do I bring to the public hearing, such as documents, witnesses, etc.?**

    You should bring all documents and witnesses relevant to your claims and/or defenses.  You should also bring proper identification.

**7.  What if I need interpretation services?**

Interpretation services will be provided at no charge.  Please alert your Division representative and the Office of Administrative Law Judges at 718-741-8255 if an interpreter is required.

**8.  What should I do if I have a conflict with the hearing date that is scheduled?**

You should submit, as soon as possible, a written request for an adjournment of the hearing, stating the basis for your request, to the ALJ assigned and all parties.

**9.  On what basis will the ALJ grant an adjournment?**

No adjournment of the hearing shall be granted except for actual engagement before a higher tribunal or for other good cause shown.  **Settlement discussions or settlement in principle do not constitute good cause.**

**10. What is the proper attire?**

Please dress in a manner that shows respect for these important proceedings.

**11. Am I allowed to eat during the public hearing?**

No.  But you are allowed to bring water.

**12. What do I do with my cellphone or other electronic device?**

All cellphones and other electronic devices must be turned off or placed in silent mode during the hearing, unless you are participating by telephone or videoconferencing.

Attorneys, parties, witnesses, and any other persons attending the hearing are prohibited from taking photographs, making video or audio recordings, broadcasting or telecasting the public hearing, at any time, whether or not the public hearing is in session.

**13. What happens if I do not appear for the public hearing?**

Complainant's failure to appear at a public hearing may result in a dismissal of the complaint.  Respondent's failure to appear may result in a default finding against that Respondent.

**14. How long is the public hearing?**

Public hearings are generally scheduled for two (2) days.  Each scheduled date starts at 9:00 a.m. and ends at 5:00 p.m.  Be prepared to be present until the end of the day.

**15. Can I bring my child(ren) to the public hearing?**

No.  You must make childcare arrangements.

**16. Are electronic signatures accepted?**

No.  Please refer to the New York Technology Law § 304 and the New York Electronic Signatures and Records Act for more information.

**17. May an attorney not admitted in New York State represent a party at a public hearing?**

Please see **22 N.Y.C.R.R. § 523.2** and guide yourself accordingly.

**18. May a law student admitted to the practice of law pursuant to an Appellate Division Order and under the supervision of a licensed attorney appear at a public hearing?**

Please see **22 N.Y.C.R.R. § 805.5,** Judiciary Law **§ 478** and **§ 484**, and relevant Appellate Division rules.