At a Special Term, Part 17, of the Supreme Court of the State of New York, held in and for the County of New York, at 60 Centre Street, New York, New York on the 18 day of July 2014

PRESENT: HON. SHLOMO HAGLER

SUPREME COURT: STATE OF NEW YORK
COUNTY OF NEW YORK
_____X

In the Matter of the Application of

PERFECT BUILDING MAINTENANCE, A
DIVISION OF PBM, LLC

                        Petitioner,                  JUDGMENT AND ORDER

For a Judgment Pursuant to C.P.L.R. Art 78       Index No.: 100253/2014

                      -against-                    Hagler, J.

AI HO and NEW YORK STATE
DIVISION OF HUMAN RIGHTS,

                        Respondents.
_____X



Petitioner PERFECT BUILDING MAINTENANCE, A DIVISION OF PBM, LLC, by its attorney, Harry Weinberg, Esq., having duly moved for a judgment pursuant to CPLR Art. 78 to prohibit the Respondent STATE DIVISION OF HUMAN RIGHTS from adjudicating the complaint that Respondent AI HO had filed against it on or about May 14, 2013 on the ground that the State Division

of Human Rights lacked jurisdiction to consider the complaint, and the proceeding having regularly come on to be heard,

NOW, upon reading and filing the Notice of Petition dated February 24, 2014; the Petition verified February 24, 2014; and the Answer of the Respondent State Division of Human Rights verified April 9, 2014; and after due deliberation having been held thereon, it is

ORDERED AND ADJUDGED, that the Petition is denied and the Proceeding be and the same is hereby dismissed, in accordance with the Decision of this Court read upon the record at oral argument on June 23, 2014, the transcript of which is attached hereto.



FILED
JUL 3 1 2014
COUNTY CLERK'S OFFICE
NEW YORK

☐ DO NOT POST

ENTER,

_____
Justice, Supreme Court, New York County
SHLOMO HAGLER
J.S.C.

2

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : PART 17
------------------------------------------------------X
In the Matter of the Application of

PERFECT BUILDING MAINTENANCE, A DIVISION OF PBM, LLC


                                    Petitioner,

For a Judgment Pursuant to CPLR Article 78

              - against -

AI HO and NEW YORK STATE DIVISION OF HUMAN RIGHTS,


                                    Respondents.
------------------------------------------------------X
Index No. 100253/14

                    June 23, 2014
                    60 Centre Street
                    New York, New York


B E F O R E:     HONORABLE SHLOMO HAGLER, JSC



A P P E A R A N C E S:

         LAW OFFICES OF HARRY WEINBERG
             Attorneys for Petitioner
             292 Madison Avenue
             New York, New York 10017
             BY: HARRY WEINBERG, ESQ.


         STATE OF NEW YORK DIVISION OF HUMAN RIGHTS
             Respondent
             One Fordham Plaza
             Bronx, New York 10458
             BY: MICHAEL SWIRSKY, ESQ.


             AI HO
             Respondent, Pro Se
```

Rachel C. Simone, CSR, RMR, CRR

1         Finally, the issues in this case are not
2    independent of the collective bargaining agreement.  They
3    are intertwined.  The collective bargaining agreement
4    specifically cites the statutes that are at issue here and
5    makes them arbitrable, makes claims arising under them
6    arbitrable.  By doing what she is doing, Ms. Ho is
7    circumventing that provision and is availing herself of a
8    right she doesn't have.
9         Thank you.
10        THE COURT:  All right. no more argument.  I've
11   read your papers.  And I have pulled every case that you
12   cited.  I also looked at the Nova decision is very quickly.
13   I essentially had made up my mind before the argument, but
14   it is always helpful to have argument.  It didn't, though,
15   change my position in any way, shape, or form.
16        First I want to compliment the attorneys who did
17   a fine job in briefing the points.  It was wonderful to
18   look at decisions from the US Supreme Court and how they
19   interact with state law.  It was quite interesting.  Judges
20   in Supreme Court New York County don't often get to
21   interpret Federal US Supreme Court law, and I found it very
22   exciting, new, and fresh.
23        I believe I understand where the US Supreme Court
24   was coming from when they issued Pyett, when they issued
25   the Waffle House decision, and when they issued Preston

1  versus Ferrer, and last but not least the Coventry First
2  decision.  And let's deal with Pyett first because it
3  really is the latest pronouncement in this area.
4       As I had alluded to earlier, in the Pyett case
5  the EEOC issued a dismissal and notice of right
6  determination which, for all intents and purposes, ended
7  its involvement with the complainant, so there was no need
8  for the EEOC to do anything.  So the arbitration agreement
9  between the parties would certainly continue and be
10 enforceable.  As counsel correctly noted, petitioner's
11 counsel correctly noted that's all Pyett really says, that
12 the arbitration agreement between individuals and owners
13 with regard to collective bargaining, that you can go the
14 arbitration route.  And, quite frankly, the arbitration
15 route is the preferred route.  I would not venture to say
16 that it is the lesser of the evils.  Quite frankly, the
17 courts have encouraged and have strictly enforced
18 arbitration agreements in order that they do go to
19 arbitration.
20      That being said, let's move on to the Waffle
21 House decision.  In Waffle House the US Supreme Court found
22 that the EEOC did not consent to the arbitration agreement,
23 therefore it had a statutory enforcement authority to
24 continue its investigative process, and the government
25 agency had a right to vindicate the public interest.

1          So, one, that they never were a party to the
2     arbitration agreement; and, two, they can vindicate the
3     public interest.  That's what Waffle House stands for.
4     Thereafter, Coventry First reinforced Waffle House and said
5     basically that Waffle House is still good law and that
6     Waffle House stands for the proposition -- again I will
7     reiterate -- that since the Attorney General did not sign
8     the agreement that was between the parties and, secondly,
9     it had a right to vindicate the public interest, had a
10    right to step in and enforce and investigate the law as it
11    sees it pursuant to New York State law.
12         Preston versus Ferrer is also a very interesting
13    case.  In that case I believe it distinguishes Waffle House
14    in that it found that the agency in question was not an
15    adjudicator but a prosecutor, and it can pursue enforcement
16    in its own name which is very different than we have here.
17         I believe that all four cases really stand for
18    the proposition that you can have dual tracts.  I think
19    that's what the parties are missing.  The EEOC, the
20    Attorney General, and now, I will say, the Division have
21    the right under New York State law to vindicate the
22    interest of the public and to investigate and enforce New
23    York State laws.
24         In the same vein, the parties to an arbitration
25    agreement have the right to go to arbitration.  You can

1  choose at this very moment to go to arbitration and they
2  could do nothing to stop you.
3       What I see the interpretation of all four cases
4  is that it is a dual track.  The EEOC, the Attorney
5  General, and now the Division can continue to enforce its
6  laws in the state of New York; and the petitioner can
7  compel arbitration.  They can't stop you, I can't stop you.
8  So my ruling is very simple.  I am denying your petition to
9  stay the -- let me get the actual relief sought.  To
10 prohibit the respondent New York State Division of Human
11 Rights from adjudicating employment discrimination case
12 under Division Case Number 10162344 because you believe it
13 exceeds jurisdiction because the sole remedy for respondent
14 would be to arbitrate.
15      I find that the Division of Human Rights has an
16 independent right to investigate the employment
17 discrimination case and you have a common right to go to
18 arbitration.  Therefore, this Court denies -- it is ordered
19 and adjudged I deny the petition for the reasons herein.
20      I am not stopping you from going to arbitration.
21 I want to make sure you understand that.  I am only denying
22 the relief prohibiting the Division from going forward.
23      The foregoing constitutes the decision of the
24 Court.
25           MR. WEINBERG:  Thank you, your Honor.

Rachel C. Simone, CSR, RMR, CRR

1           MR. SWIRSKY:  Would you like us to prepare an
2     order?
3           THE COURT:  Submit an order on notice to the
4     parties.
5                     *        *        *
6      The foregoing is hereby certified to be a true and
7 accurate transcript of the proceedings.

*[signature]*

Rachel C. Simone

Senior Court Reporter

Rachel C. Simone, CSR, RMR, CRR

SUPREME COURT: STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of the Application of

PERFECT BUILDING MAINTENANCE, A
DIVISION OF PBM, LLC,

                      Petitioner,

For a Judgment Pursuant to C.P.L.R. Art 78

-against-

AI HO and NEW YORK STATE
DIVISION OF HUMAN RIGHTS,

                      Respondents.

Index No. 100253/2014

**JUDGMENT AND ORDER**

Caroline J. Downey
General Counsel
**STATE DIVISION OF HUMAN RIGHTS**
One Fordham Plaza, Fourth Floor
Bronx, New York 10458
(718) 741-8398

FILED
JUL 31 2014
AT
N.Y. CO. CLKS OFFICE