UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARTER COMMUNICATIONS, INC.,

       Petitioner,

– v –

LYNDA M. DERFERT,

       Respondent,

– and –

NEW YORK STATE DIVISION OF HUMAN RIGHTS,

       Respondent-Intervenor.

Case 1:20-cv-00915-GWC

Declaration

---

**Erin Sobkowski,** affirms under penalty of perjury, as follows:

    1.    I am an attorney at law duly licensed to practice in the State of New York. I am a Senior Attorney in the General Counsel's Office of the New York State Division of Human Rights ("NYSDHR") and as such I am fully familiar with the proceedings of this case.

    2.    This declaration is submitted in support of NYSDHR's Motion to Dismiss the Petition by Charter Communications, Inc., insofar as it seeks to enjoin Respondent Lynda Derfert from pursuing her discrimination complaint claim with NYSDHR.

    3.    By Order dated July 29, 2020, this Court granted NYSDHR the request to join this litigation for the purpose of opposing any Order that would interfere with NYSDHR conducting a hearing on the merits of Derfert's complaint.

**NYSDHR and the Public Interest**

4. NYSDHR was created to vindicate the public interest by eliminating and preventing unlawful discrimination in employment and other areas. N.Y. Exec. L. § 290.3. No agreement between private parties can deprive NYSDHR of its independent statutory authority to investigate and act upon any complaints of discrimination. See, e.g. *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002).

5. NYSDHR is empowered to investigate and combat discrimination based on information the agency receives from any source and retains control over the investigation and prosecution of all enforcement actions throughout the process. N.Y. Exec. L. § 297.

6. NYSDHR is empowered not only "[t]o receive, investigate and pass upon complaints alleging [discrimination]" but also "[u]pon its own motion, to test and investigate and to make, sign and file complaints alleging violations of this article and to initiate investigations. . . ." N.Y. Exec. L. §§ 295.6(a),(b).

**NYSDHR Retains Power To Adjudicate Complaints, Even If Derfert Is Subject To An Arbitration Agreement**

7. Petitioner seeks to compel arbitration of Derfert's employment discrimination claim and to enjoin Derfert from seeking relief from NYSDHR.

8. Counsel for Petitioner demanded Derfert "withdraw" the NYSDHR complaint. Pet. Schwallie Decl., Ex. 6.

9. NYSDHR does not take a position whether Charter and Derfert have entered into a valid agreement to arbitrate employment discrimination claims.

10. NYSDHR is not a party to any agreement to arbitrate claims between Charter and Derfert.

11. Although they may be barred from initiating a private judicial action, individuals subject to arbitration agreements are still free to file charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and the EEOC can seek victim-specific relief in a subsequent enforcement action. Once a charge has been filed with the EEOC, the agency has complete command of the case. See, e.g. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 290-291 (2002).

12. An individual cannot prosecute the claim without first obtaining a right to sue letter from the agency and the EEOC may prosecute the claim with or without the Complainant's cooperation. 42 U.S.C. § 2000e-5.

13. Under the Human Rights Law, NYSDHR shares the same jurisdiction as the EEOC over employment discrimination in New York State.

14. Congress intended a joint federal and state enforcement scheme for Title VII. NYSDHR and EEOC share jurisdiction over employment discrimination claims. *See, e.g.*, 42 U.S.C. § 2000e-8(b).

15. In furtherance of the goal of joint enforcement, the EEOC has, for decades, entered into numerous worksharing agreements with state and local fair employment practices agencies, including NYSDHR. Pursuant to these worksharing agreements, the NYSDHR is authorized to act as the EEOC's agent. NYSDHR can receive and investigate claims that raise violations of federal anti-discrimination statutes. If NYSDHR receives a complaint that raises discrimination claims under federal law, the complaint is "dual-filed," and assigned both a federal and state charge number.

16. Annually, NYSDHR receives and investigates more than 4,000 complaints that are dual-filed with the EEOC. Pursuant to the worksharing agreement, the EEOC compensates

NYSDHR for each dual filed complaint that NYSDHR intakes and resolves.

17. Just like the EEOC, NYSDHR exercises complete control over the complaints pending before it, even those filed by individuals.

18. All complaints filed with NYSDHR are filed in the name of NYSDHR (i.e. "State Division of Human Rights on the complaint of [complainant]").

19. An individual who files a claim in a court proceeding may not subsequently file a NYSDHR complaint.  N.Y. Exec Law §§ 297.9, 300.

20. Once a complaint is filed in the NYSDHR's name, a complainant cannot file his or her complaint in court without seeking a dismissal of the NYSDHR matter for administrative convenience or annulment of election of remedies from NYSDHR. N.Y. Exec. L. § 297.9.

21. Whereas, after a determination of reasonable cause to believe discrimination has occurred, the EEOC has the option to sue the respondent in federal court. 42 USCA § 2000e-5, NYSDHR refers the matter for an administrative hearing.  N.Y. Exec Law § 297.2(a).

22. A complainant can only proceed to an administrative hearing after NYSDHR has reached a determination of probable cause. N.Y. Exec Law § 297.2(a).

23. "If [NYSDHR] finds that noticing the complaint for hearing would be undesirable, [NYSDHR] may, in its unreviewable discretion, at any time prior to a hearing before a hearing examiner, dismiss the complaint on the grounds of administrative convenience." N.Y. Exec. L. § 297.3(c).

24. "The case in support of the complaint shall be presented by one of the attorneys or agents of [NYSDHR], and, at the option of the complainants, by his or her attorney.  N.Y. Exec. L. § 297(4)(a).  A complainant who desires that her case be presented solely by her attorney needs "the consent of the [NYSDHR]." *Id*.

25. There is no mechanism for complainant to "intervene" in the administrative proceeding. However, NYSDHR can seek remedies on behalf of the complainant, including but not limited to, back pay, reinstatement, payment for emotional distress and punitive damages, as well as civil fines and penalties payable to New York State. NY Exec. L. § 297.4(c).

26. While any aggrieved party can seek judicial review of a final order, only NYSDHR can obtain judicial relief of enforcement of a final order in favor of an aggrieved party, including civil fines and penalties or other relief awarded in the public interest. N.Y. Exec. L. § 298.

27. The New York State Court of Appeals, relying on the United States Supreme Court decision in *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002), held that an arbitration agreement between defendants and their alleged victims does not bar the Attorney General from pursuing victim-specific judicial relief in an enforcement action where the Attorney General has a duty to protect the public interest and is not a party to any agreement to arbitrate. *People of the State of New York v. Coventry First, LLC*, 13 N.Y.3d 108, 915 N.E.2d 616 (2009).

28. New York State Supreme Court, also relying on *Waffle House* and *Coventry First*, has twice held that NYSDHR has the authority to proceed on complaints of discrimination initiated by an individual who was a party to an agreement to arbitrate claims where NYSDHR is not a party to the arbitration agreement and it has independent authority to vindicate the public interest. *Ladenburg Thalmann & Co. v. Matty*, 36 Misc. 3d 1243(A), 960 N.Y.S.2d 50 (Sup. Ct. New York Co. 2012) and *Perfect Building Maintenance v. Ai Ho and New York State Division of Human Rights*, Index No. 100253/2014 (Supreme Court, New York County 2014). A copy of the decision in *Ai Ho* is attached as Exhibit 1.

**The Administrative Complaint**

29.     Derfert filed a verified complaint with NYSDHR on June 11, 2018.  She alleged unlawful discriminatory practices in relation to employment because of an arrest record and conviction record.  A copy of the Complaint is attached as Exhibit 2. See also, Pet. Schwallie Decl., Ex. 1.

30.     According to the Verified Complaint, Derfert applied for a Customer Care Position with Charter, a job that paid $13.05 per hour.  Ex. 2.

31.     She was selected for an interview and was offered the position.  Ex. 2.

32.     Derfert was instructed to complete pre-hire activities online.  Ex.2.

33.     On October 17, 2017, she completed the information related to a required criminal background check  and acknowledged various polices and agreements, including an agreement to arbitrate pre-employment disputes. Ex. 2.

34.     Complainant's conditional job offer was rescinded on November 3, 2017. Ex. 2.

35.     Charter states the background check revealed a 1998 Class E felony conviction for attempted robbery, which complainant voluntarily disclosed, and a 2014 Class A misdemeanor conviction for petit larceny, which she had not disclosed. A copy of the NYSDHR Final Investigation Report and Basis for Determination is attached as Exhibit 3.

36.     Charter states that it did not consider the felony conviction as it was more than 7 years old, however, Charter was "compelled" to rescind its employment offer  due to complainant's failure to disclose the 2014 petit larceny conviction.  Charter states that there is a "direct relationship" between petit larceny and the Customer Care position sought by Derfert. Ex. 3.

37.     The Human Rights Law prohibits employment discrimination based on prior

6

arrest record. More specifically, an employer cannot make any inquiry about, nor take any adverse action upon, a person based on a prior arrest resolved in a person's favor. N.Y. Exec. L. § 296.16.

38. Unlike the separate prior conviction provision in N.Y. Exec § 296.15, The arrest provision does not permit consideration of whether the arrest is related the position sought. Simply put, an employer cannot even consider a prior arrest that has been dismissed. Id.

39. The 2014 petit larceny charge against Derfert was dismissed; she was never convicted. During the NYSDHR investigation, Derfert a submitted a copy of her Certificate of Disposition with a disposition date of 1/30/2014 showing a petit larceny charge for which she was given an Adjournment in Contemplation of Dismissal. The NYSDHR Investigator contacted the Town Court with jurisdiction over the charge and verified that Derfert had fulfilled the requirements of the ACD and the charge had been dismissed. Ex. 3.

40. Derfert has attempted to apply for employment with Charter for at least two different positions on 11/9/17, 12/3/17, 1/10/18 and 1/5/18, 2/5/18, 3/16/18 and 3/28/18. Each time she was unable to move forward in the selection process. Ex. 2.

41. Charter states Derfert disqualified for the subsequent positions applied for due to recently failing the background check. Ex. 3.

42. Charter has not suggested that these subsequent attempts to apply were also subject to the agreement to arbitrate entered into on or around October 17, 2017, which concerned an employment offer of that date.

43. After investigation, NYSDHR determined that it had jurisdiction over the matter and that "probable cause exists to believe that [Charter] has engaged in or is engaging in the unlawful discriminatory practice. Pursuant to the Human Rights Law, this matter is

recommended for public hearing." The Investigator noted,

> The record shows respondent acknowledges rescinding complainant's job offer based on complainant's failure to disclose a 2014 Class A misdemeanor for petit larceny. Complainant did not disclose the arrest because she was never convicted. The record shows complainant's petit larceny charge was dismissed after complainant fulfilled the requirements of a conditional discharge and, therefore, complainant was not required to disclose a dismissed charge on her job application... such individual… As the record shows respondent took an adverse action (denied/rescinded hire) against complainant regarding a prior arrest, which was not then pending, and which was resolved in complainant's favor, the matter should proceed to a public hearing.

Exs. 3, 4.

44. The matter was scheduled for preliminary conference on August 4, 2020 before a NYSDHR administrative law judge. Ex. 5.

45. The matter has been adjourned pending the resolution of the present litigation by this Court. Ex. 6.

46. By seeking to a permanent injunction to enjoin Derfert from proceeding with NYSDHR, Charter is attempting to unlawfully interfere with NYSDHR's independent authority to enforce the New York State Human Rights Law.

47. Respondent-intervenor respectfully requests that this Court deny Charter's demand for relief in all respects.

Dated: August 19, 2020
Buffalo, New York

*[signature: Erin Sobkowski]*

_____
Erin Sobkowski