UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC.,<br><br>        Petitioner,<br><br>– v –<br><br>LYNDA M. DERFERT,<br><br>        Respondent,<br><br>– and –<br><br>NEW YORK STATE DIVISION OF HUMAN RIGHTS,<br><br>        Respondent-Intervenor. | Case 1:20-cv-00915-GWC |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT-INTERVENOR'S MOTION TO DISMISS PETITIONER'S SECOND CLAIM FOR INJUNCTIVE RELIEF**

Erin Sobkowski
New York State Division of Human Rights
Office of General Counsel
65 Court Street, Suite 506
Buffalo, New York 14202
(716) 847-7679
Dated: September 17, 2020

**PRELIMINARY STATEMENT**

The New York State Division of Human Rights (NYSDHR) submits this reply memorandum in further support of its Motion to Dismiss the claim for injunctive relief by Charter Communications Inc., (Charter) against Respondent, Lynda M. Derfert (Derfert).

**ARGUMENT**

**I.    THE COURT PROPERLY PERMITTED NEW YORK STATE DIVISION OF HUMAN RIGHTS TO INTERVENE**

Charter challenges the Court's decision to permit NYSDHR to intervene in the instant litigation because, it asserts, "the Division has no direct, substantial, and legally protectable interest here because it is not a party to the Arbitration Agreement and Charter is not seeking to enjoin the Division." Petitioner's Memorandum of Law, p.7. This argument is without merit.

A party seeking to intervene in a federal court action must establish "that its application was timely, that it had an interest in the subject of the action, that disposition of the action might as a practical matter impair its interest, and that representation of its interest by existing parties might be inadequate." *U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (internal citation omitted). NYSDHR satisfies each of those factors. NYSDHR has a direct, substantial and legally protectable interest in eliminating employment discrimination in New York State. Under the Human Rights Law, the New York State Legislature declared that the state has a responsibility to act to eliminate and prevent discrimination. N.Y. Exec. L. § 290.3  To effectuate that responsibility, NYSDHR is empowered to act upon complaints received by individuals aggrieved by discrimination. N.Y. Exec. L. §§ 295 (6)(a), 297(1).  By seeking to enjoin Derfert from pursuing the pending complaint with NYSDHR, Charter, in effect, seeks to

enjoin NYSDHR from acting upon a complaint alleging a violation of the State Human Rights Law, thus directly impacting NYSDHR's statutory obligations.

In addition, Charter's Petition seeks an order requiring Derfert to withdraw the administrative complaint against Charter. Pet. Schwallie Decl., Exh. 6.  Such an order would directly affect the statutory duties of the Commissioner of NYSDHR.

Where NYSDHR determines that "probable cause" exists to believe that a Respondent has engaged in an unlawful discriminatory practice, it refers the matter to a public hearing. In the underlying administrative complaint in this case (SDHR Case No. 10195081, *New York State Division of Human Rights on the Complaint of Lynda M. Derfert v. Charter Communications, Inc.*), probable cause was found and it was noticed for hearing.  Once a complaint pending with NYSDHR is referred for hearing, it may not be "withdrawn" without the consent of, and by order of, the NYSDHR Commissioner.  9 N.Y.C.R.R. §§ 465.5 (a), (c).  Thus, any court order directing Derfert to withdraw the NYSDHR complaint would interfere with the Commissioner's powers under the NYSDHR's procedures.

## II.     ALL COMPLAINTS FILED WITH NYSDHR ARE PURSUED TO VINDICATE THE PUBLIC INTEREST IN THE NAME OF NYSDHR

Whether allegations of discriminatory conduct are raised by an individual or through a Division Initiated Complaint without an individual complainant,  N.Y. Exec. L. §§ 295 (6)(a), (b), all complaints filed with the NYSDHR are pursued to vindicate the public interest in the name of NYSDHR.  *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295-296 (2002) ("whenever the EEOC chooses . . . to bring an enforcement action in a particular case, the agency may be seeking to vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief.  To hold otherwise would undermine the

detailed enforcement scheme created by Congress simply to give greater effect to an agreement between private parties that does not even contemplate the EEOC's statutory function.")

Charter suggests that the NYSDHR could have filed its own complaint against Charter based on Derfert's allegations pursuant to N.Y. Exec. L. § 295 (6)(b) which permits NYSDHR to file administrative complaints on its own motion.  Petitioner's Memorandum of Law, p. 9. Charter, however, misunderstands the nature of NYSDHR's administrative process. NYSDHR is charged with receiving complaints by the public to vindicate the public interest.  In fact, the vast majority of work conducted by NYSDHR involves the investigation and resolution of individual complaints.  NYSDHR receives more than 6,000 complaints by individuals each year.  Division Initiated Complaints filed pursuant to N.Y. Exec. L. § 295 (6)(b) are typically reserved for matters involving systemic discrimination and can result in the assessment of civil fines and penalties to the State of New York but not damages awarded to an individual. A requirement that NYSDHR file its own complaint to vindicate the public interest, as Charter is suggesting here, would be duplicative and unnecessary.

In fact, courts have recognized the right of state anti-discrimination agencies, including NYSDHR, to proceed on the complaint on of an individual who is a party to an agreement to arbitrate employment disputes.  *Joule, Inc. v. Simmons*, 459 Mass. 88, 944 N.E.2d 143 (Mass. 2011); *Rent-A-Center, Inc. v. Iowa Civil Rights Com'n*, 843 N.W.2d 727 (Sup. Ct. Iowa 2014); *Ladenburg Thalmann & Co. v. Matty*, 960 N.Y.S.2d 50 (Sup. Ct. New York Co. 2012);  *Perfect Building Maintenance v. Ai Ho and New York State Division of Human Rights*, Index No. 100253/2014 (Sup. Ct. New York Co. 2014).

### III. THE STATUTORY AUTHORITY OF NYSDHR TO ENFORCE THE HUMAN RIGHTS LAW IS NOT UNDERMINED BY THE POSSIBILITY OF A PARALLEL PROCEEDING IN ARBITRATION

Charter speculates that it will be irreparably harmed in the event there are parallel proceedings on Derfert's employment discrimination claim in arbitration and at a hearing before NYSDHR, citing the possibility of "risk of delay, inconvenience, additional expense, a 'race to judgment' and inconsistent judgments" and double recovery.  Petitioner's Memorandum of Law, p. 16.

The Supreme Court, in deciding *Waffle House*, explicitly rejected this argument. 534 U.S. 279.  *In Waffle House*, the Court considered the possibility that an employee may pursue arbitration or settlement in addition to a claim before the EEOC. *Id*. Noting possible ramifications of recovery by the employee elsewhere *Id.* at 295, the Court nonetheless held,

> Title VII 'specifically grants the EEOC exclusive authority over the choice of forum and the prayer for relief once a charge has been filed. The fact that ordinary principles of res judicata, mootness, or mitigation may apply to EEOC claims does not contradict these decisions, nor does it render the EEOC a proxy for the employee.'

*Id*. at  297–98.

Likewise, where the Human Rights Law grants NYSDHR authority over the investigation and prosecution of complaints filed with it, agreements to arbitrate claims of employment discrimination between private parties cannot curtail NYSDHR's statutory authority to act on those complaints.

## CONCLUSION

NYSDHR respectfully requests its Motion to Dismiss be granted and the Petitioner's request for an injunction should be denied.

Dated: September 17, 2020
Buffalo, New York

_____
Erin Sobkowski