**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

CHARTER COMMUNICATIONS, INC.,

                Petitioner,

    v.

LYNDA M. DERFERT,

                Respondent,

and

NEW YORK STATE DIVISION OF HUMAN
RIGHTS,

                Intervenor-Respondent.

Case Action No. 20-cv-0915 (GWC)

**PETITIONER'S SUR-REPLY**
**IN OPPOSITION TO INTERVENOR NYSDHR'S PARTIAL MOTION TO**
**DISMISS PETITION TO COMPEL ARBITRATION AND TO**
**ENJOIN RESPONDENT FROM PURSUING CLAIMS OUTSIDE OF ARBITRATION**

I.      **The Division Concedes That it is Not Pursuing Its Own Claims Against Charter.**

The Division argues that all complaints filed with the Division are pursued to vindicate

the public interest in the name of the Division.  Reply Br. at 2-3.  Putting aside whether this

sweeping statement is true, it is beside the point.  First, under *Preston,* any state law or rule that

would interfere with this Court's power to order Derfert to comply with her obligation to

arbitrate her claim exclusively in arbitration is preempted by the FAA.  552 U.S. at 359 ("When

parties agree to arbitrate all questions arising under a contract, the FAA supersedes state laws

lodging primary jurisdiction in another forum, whether judicial or administrative.").[1]  Second,

even without preemption, what matters under *Preston* is whether the agency is pursuing its own

claim or adjudicating the claim of an individual Complainant.  The Reply Brief makes crystal

clear that the Division did not exercise its option to pursue its own complaint and the Division

would be adjudicating the Complaint of Derfert as the Complainant.[2]

As for the Division's suggestion that Charter is arguing that the Division is required to

file its own complaint to vindicate the public interest, Charter is not arguing that at all.  Charter is

arguing that under controlling Supreme Court authority, an individual must abide by her

agreement to litigate exclusively in arbitration.  *See Preston*, at 358.[3]

---

[1] *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002), which does not apply here, also involved a federal statute – Title VII – not a state law subject to federal preemption.

[2] While the Division points out that the caption states, "New York State Division of Human Rights on the Complaint of Lynda M. Derfert v. Charter Communications, Inc." (Reply Br. at 2), the Division concedes that there is a clear distinction between when an individual is the Complainant, as is the case here, and when the Division is the Complainant.  *Id.* at 3.

[3] As made clear by the statute and rules under which the Division operates, which explicitly allow an individual Complainant to make an election whether to adjudicate claims before the Division or elsewhere, the public interest is served whether Derfert adjudicates her claim before the Division or in arbitration.  *See Preston*, 552 U.S. at 359 ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral . . . forum.").

## II.     Parallel Proceedings Are Precluded by *Preston*.

Next, the Division argues that the statutory authority of the Division to enforce the Human Rights Law is not undermined by the possibility of a parallel proceeding in arbitration. Reply Br. at 4.  Again, putting aside whether this statement is true, it is completely beside the point.  *Preston* held that where an individual with an arbitration agreement brings a claim before an administrative agency to have that claim adjudicated before the agency, the individual must have that claim adjudicated **exclusively** in arbitration.[4]  *Preston's* holding forecloses the Division's theory that Derfert's discrimination claim can proceed on parallel tracks before both the Division and an arbitrator.  *See Preston* at 349 ("We hold today that, when parties agree to arbitrate all questions arising under a contract, state laws lodging primary jurisdiction in another forum, whether judicial or administrative, are superseded by the FAA.").[5]

Moreover, with respect to the Division's contention that Charter is speculating that it will be irreparably harmed (Reply Br. at 4), courts have routinely held that irreparable harm is presumed where a party is deprived of its right to arbitrate.  *See* Opening Mem., at 11.  And *"Courts have…consistently found that a party suffers irreparable harm when it is forced to litigate on a second front in a non-arbitral forum that it contracted to avoid." Sanford L.P. v. Esselte AB*, No. 14-7616, 2015 U.S. Dist. LEXIS 193868, at *6-7 (S.D.N.Y. Sep. 16, 2015); *see also Emilio v. Sprint Spectrum L.P.*, No. 08-cv-7147 (BSJ), 2008 U.S. Dist. LEXIS 114709, 2008 WL 4865050, at *3 (S.D.N.Y. Nov. 6, 2008).

Accordingly, the Court should (1) deny the Division's Motion; (2) compel Derfert to arbitrate; and (3) enjoin Derfert from pursuing her claims outside of arbitration.

---

[4] The Arbitration Agreement, which no party challenges, does not just provide that Derfert is obligated to arbitrate her claims, it requires that arbitration is the **sole** forum to adjudicate her claims.

[5] The NYHRL's election of remedies provision also forecloses the Division's "parallel proceedings" proposal.  *See* NY Exec § 297.9.

Dated:  September 22, 2020

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Sam S. Shaulson*
      Sam S. Shaulson
      Kimberley E. Lunetta
      Dana A. Brady (*pro hac vice* pending)

101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
Fax: 212.309.6001

*Attorneys for Petitioner*