UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARTER COMMUNICATIONS, INC.,

   Petitioner,

– v –

LYNDA M. DERFERT,

   Respondent,

– and –

NEW YORK STATE DIVISION OF HUMAN RIGHTS,

   Respondent-Intervenor.

Case 1:20-cv-00915-GWC

---

**MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S
MOTION TO ALTER OR AMEND JUDGMENT**

       Erin Sobkowski
       New York State Division of Human Rights
       Office of General Counsel
       65 Court Street, Suite 506
       Buffalo, New York 14202
       (716) 847-7679

**PRELIMINARY STATEMENT**

The New York State Division of Human Rights (NYSDHR) submits this memorandum in opposition to the motion to alter or amend a judgment under Federal Rule of Civil Procedure (FRCP) 59(e) by Petitioner, Charter Communications Inc., (Charter).

**ARGUMENT**

**I.    THE STANDARD FOR GRANTING A MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(E)**

The standard for granting a motion to alter or amend a judgment pursuant to Federal Rules of Civil Procedure 59(e) "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v CSX Transp., Inc*. 70 F.3d 255, 257 (2nd Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at 3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at 1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

The motion in this case fails to meet this strict standard. Although Petitioner argues the Court erred in its conclusion that NYSDHR acts as a prosecutor of administrative complaints pending before it, Petitioner simply reiterates the same arguments that were already made and considered by this Court on the prior motions.

> II. PETITIONER'S MOTION CONSISTS OF REPETITIVE ARGUMENTS THAT HAVE BEEN FULLY CONSIDERED BY THE COURT

A. **NYSDHR Statutory and Regulatory Procedures Were Considered By This Court**

Petitioner raises no new facts for the Court to consider and reiterates the same arguments it previously made to this Court in opposition to NYSDHR's motion to dismiss. This Court correctly held that NYSDHR acts as a prosecutor and an adjudicator of administrative complaints pending before it and "the purpose of the prosecution is to rectify violations of New York's Human Rights Law and vindicate the public interest in preventing discrimination that impinges on 'the rights and proper privileges' of New Yorkers,' 'the institutions and foundations of a free democratic state' and the 'peace, order, health, safety and general welfare of the state and its inhabitants.' CM/ECF, Case 1:20-cv-00915, Document 29, filed January 4, 2021.[1] It would be improper for the Court to give the Petitioner the opportunity to relitigate the Court's decision since these arguments were already raised to the Court, considered, and decided. *Virgin Atl. Airways,* 956 F.2d at 1255.

Petitioner again argues that Respondent Lynda Derfert, not NYSDHR, is prosecuting the complaint. Document 31, filed February 1, 2021, p. 5. Petitioner repeats arguments that certain

---

[1] Subsequent citations to Case Management/Electronic Case Filing for Case 1:20-cv-00915 will refer only to the document number.

2

NYSDHR Rules of Practice provide evidence that a NYSDHR complainant maintains control over the administrative complaint. These are not appropriate matters for the court to reconsider.

For example, in the instant motion, Petitioner cites to 9 N.Y.C.R.R. §§ 465.4(b) and 465.5(a) which provide that a NYSDHR complainant has the right to withdraw a complaint without NYSDHR's permission before the matter is noticed for hearing and that a complainant may amend the complaint before a notice of hearing, respectively. Document 31, filed February 1, 2021, p.8.

In its memorandum in opposition to NYSDHR's motion to dismiss, Document 22, filed September 10, 2020, p. 15., Petitioner raised the same point, "the NYSDHR Complainant has an absolute right to withdraw a pending complaint without the Division's permission at any time before the service of a notice of hearing. See 9 N.Y.C.R.R. .§ 465.5(a)."

In the instant motion, Petitioner cited 9 N.Y.C.R.R. § 465.13(h), and 9 N.Y.C.R.R. §§ 465.13(a)-(d) arguing that NYSDHR cannot displace a complainant's private attorney or prevent the individual's attorney from presenting the case and that an individual's attorney may present testimony and cross examine witnesses.

In its memorandum in opposition to NYSDHR's motion to dismiss, Petitioner likewise argued, "the Division may not displace Complainant's attorney or prevent Complainant's attorney from presenting Complainant's case. Id. 9 N.Y.C.R.R. § 465.13(h) . . . . Indeed, by statute, the Complainant has the right to present testimony and cross examine witnesses. N.Y. Exec. L. § 297(4)(a)." Document 22 Filed 09/10/20, p.16.

These facts were not overlooked by the Court in its analysis—to the contrary, the Order expressly analyzed the role of NYSDHR as provided N.Y. Executive Law, Article 15, and its

accompanying regulations and reached a final conclusion. Document 29, filed January 4, 2021, pp.10-15.

The Court also reviewed NYSDHR's procedures for filing and service of a NYSDHR complaint, Id. at 10, 14 *citing* N.Y Exec. L. § 297.1, 9 N.Y.C.R.R. § 465.3(a)(3), and the requirement NYSDHR conduct a prompt investigation and issue a determination of probable cause, Id. at 10-11, *citing* N.Y Exec. L. § 297.1. The Court's Order specifically addressed the points raised by Petitioner, including that the complaint shall be presented by an attorney for NYSDHR and, at the option of complainant, by his or her attorney. But only with the consent of NYSDHR may the case be presented solely by the complainant's attorney. Id. at 11, *citing*, N.Y. Exec. L. § 297.4, 9 N.Y.C.R.R. § 465.12(d)(1).

After careful consideration of the statutory and regulatory procedures cited by Petitioner, the Court concluded that NYSDHR is empowered to act in a prosecutorial and adjudicatory role on complaints pending before it. There was nothing this Court overlooked or misunderstood when issuing its decision.

### B. The Court Already Considered Petitioner's Arguments to Distinguish *Joule, Inc. v. Simmons*

Once again, Petitioner reiterates the identical argument it made to the Court in the prior motion- that the regulatory process by which MCAD required a complainant to request to intervene at the hearing stage of the administrative process distinguishes *Joule* from the instant case. Document 22, Filed September 10, 2020, pp. 19, *citing, Joule, Inc.* 944, N.E.2d at 148, and Document 31, Filed February 1, 2021, p.11, *citing, Joule, Inc.* 944, N.E.2d at 148, citing 804 Mass. Code. Regs. § 1.20(3) (2004).

4

Petitioner's motion raises no new facts and reiterates the same arguments it previously made to this Court. Petitioner's motion merely reflects its disagreement with the Court's assessment of the evidence of record and legal conclusions. This is not sufficient to satisfy Petitioner's burden. *See, e.g.*, *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2014) ("While the defendant disagrees with the Court's decision, that is not a basis for reconsideration.").

The Order of this Court expressly addressed Petitioner's argument and disagreed with Petitioner's interpretation of the impact of the MCAD regulations at 804 Mass. Code. Regs. § 1.20(3) (2004). The Court explained that Petitioner's analysis was incorrect, as it would "elevate procedure over . . . functional analysis" required by Supreme Court precedent in *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002) and *Preston v. Ferrer*, 552 U.S. 346 (2008). Document 29, filed January 4, 2021, pp. 17-18.

### C.     The NYSDHR "Basic Guide" is Not New Evidence

Petitioner also relies on a booklet from the NYSDHR website as new evidence in support of its argument that NYSDHR merely assists individuals that file complaints, rather than prosecutes complaints. The document properties indicate the booklet was created in 2013 and last updated in 2016, https://dhr.ny.gov/sites/default/files/pdf/nysdhr-basic-guide-hrl.pdf. This booklet can hardly be considered "new evidence" to support Petitioner's motion to alter or amend. *Virgin Atl. Airways* 956 F.2d at 1255. Regardless, such "new evidence" should be ignored by the Court as untimely and irrelevant.

Petitioner argues that NYSDHR merely "assists" individuals that file discrimination complaints and does not act as a prosecutor of such complaints. Document 31, filed February 1,

5

2021, p. 9.  However, the New York State Human Rights Law requires NYSDHR "[t]o furnish any person with such technical assistance as the division deems appropriate to further compliance with the purposes or provisions of this article."  N.Y. Exec. L. § 295.12.  The fact that NYSDHR is obligated to render technical assistance to individuals accessing the administrative forum does not alter NYSDHR's statutory obligation to prosecute complaints of discrimination pursuant to its statutory procedures.  N.Y. Exec. L. § 297.4(a).

## CONCLUSION

      NYSDHR respectfully requests Petitioner's motion to alter or amend the judgment be denied.

Dated: February 10, 2021
Buffalo, New York

*[signature]*

_____
Erin Sobkowski