UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., <br><br>    Petitioner, <br><br> – v – <br><br> LYNDA M. DERFERT, <br><br>    Respondent, <br><br> – and – <br><br> NEW YORK STATE DIVISION OF HUMAN RIGHTS, <br><br>    Respondent-Intervenor. | Case 1:20-cv-00915-GWC |

**MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION**

Erin Sobkowski
New York State Division of Human Rights
Office of General Counsel
65 Court Street, Suite 506
Buffalo, New York 14202
(716) 847-7679

**PRELIMINARY STATEMENT**

Charter Communications Inc., (Charter), seeks to have this Court enjoin the New York State Division of Human Rights ("NYSDHR") from continuing with its proceedings in NYSDHR Case No. 10195081, *New York State Division of Human Rights on the Complaint of Lynda M. Derfert v. Charter Communications, Inc*. pending the resolution of its motion to alter or amend this Court's judgment under Federal Rule of Civil Procedure (FRCP) 59(e).  NYSDHR submits this memorandum in opposition to the motion for a preliminary injunction.

**ARGUMENT**

**I.      THE STANDARD FOR PRELIMINARY INJUNCTION**

In the Second Circuit, a district court may grant a preliminary injunction where a petitioner demonstrates irreparable harm and meets either of two standards: "(a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor." *See*, *Kelly v. Honeywell International, Inc.*, 933 F.3d 173, 184 (2d Cir. 2019).[1]

---

[1] The standard for preliminary injunction announced by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), requires a plaintiff to show success on the merits, irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *Id* at 20, 129 S.Ct. 365. For reasons discussed more fully below, under either standard, Petitioner in this case must establish irreparable injury and the likelihood of success.  Only under the standard in *Winter* would the Court need to consider of a balance of equities or hardships and whether the injunction is in the public interest.

## II.     PETITIONER HAS NOT DEMONSTRATED WHY A PRELIMINARY INJUNCTION IS NECESSARY

Charter argues that "it will lose its right to arbitrate" thereby suffering irreparable harm if the Court does not grant a preliminary injunction pending the outcome of its motion to amend or alter.  CM/ECF, Doc. 39, filed 02/28/21, p.9.

First, under no circumstances will Charter lose its right to arbitrate.  The order of this Court was made expressly without prejudice to Charter renewing its request to compel arbitration should Derfert pursue her discrimination claims in her own name. CM/ECF, Order, Doc. 29, filed 01/04/21, p.22.

Second, Charter has failed to show how a preliminary injunction pending only the resolution of its motion to amend or alter a judgment would protect its interests.  NYSDHR has not even scheduled a public hearing in *New York State Division of Human Rights on the Complaint of Lynda M. Derfert v. Charter Communications, Inc*.  On January 26, 2021, Charter agreed it was available for a preliminary conference to be scheduled *three months* later, on April 28, 2021.  At that conference the parties will schedule a date for public hearing.  Thus, it is very unlikely NYSDHR will be able to schedule, let alone hold a public hearing before the resolution of the pending motion to alter or amend, rendering any preliminary injunction moot.

### III. CHARTER HAS NOT ESTABLISHED A LIKELIHOOD OF SUCCESS ON THE MERITS

#### A. Charter Seeks To Stay Governmental Action Taken In The Public Interest Pursuant To A Statutory Scheme And Is Not Entitled To A Preliminary Injunction Without Establishing A Likelihood Of Success On The Merits

Charter urges this Court to issue a preliminary injunction even where it fails to establish a likelihood of success on the merits, relying on the decision in *Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co.,* No. 20-6025 EAW, 2020 WL 906872 (W.D.N.Y., Feb 25, 2020) ("Where the moving party is unable to demonstrate a likelihood of success on the merits, a court may still issue a preliminary injunction if the moving party demonstrates "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.") *Id*. at *1, *citing*, *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

In the Second Circuit, a district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party. However, where, as here, "the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, a district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim." *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989).

In *Plaza Health Labs.*, the Second Circuit held that the District Court properly denied a motion for preliminary injunction against the New York State Department of Social Services to

3

refrain from suspending Plaza Health Lab as a Medicaid provider after it had been indicted for dumping hazardous waste.  The Court explained " it is plain that DSS acts in pursuit of the public interest and in accordance with the regulatory scheme by suspending a provider from Medicaid participation when there is probable cause to believe that the provider has dumped hazardous medical wastes from its laboratories into public waters." *Id*. at 580-581.

This exception for governmental bodies "reflects the idea that governmental policies implemented through legislation or regulations developed through presumptively reasoned democratic processes are entitled to a higher degree of deference and should not be enjoined lightly." *Able v. United States*, 44 F.3d 128, 131 (2d Cir. 1995).  *See also, Trump v. Deutsche Bank AG*, 943 F.3d 627, 638–39 (2d Cir.), *cert. granted,* 140 S. Ct. 660, 205 L. Ed. 2d 418 (2019), *rev'd and remanded sub nom on other grounds, Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 207 L. Ed. 2d 951 (2020) (discussing application of the more rigorous likelihood-of-success standard to enjoin action taken by units of government).

This Court should reject Petitioner's request that it use the less rigorous fair-ground-for-litigation test because the Petitioner seeks to enjoin NYSDHR from requiring Charter to answer the charges of the pending administrative complaint and appear at a public hearing before an administrative law judge as required by New York Executive Law. § 297(4).

**B.      Charter Has Not Shown Likelihood Of Success On The Merits**

Charter continues to focus on procedural aspects of an NYSDHR proceeding to assert that Derfert, not NYSDHR, is the true party in interest.  This Court has fully analyzed the roles of a complainant and of NYSDHR as provided N.Y. Executive Law, Article 15, and its accompanying regulations,  CM/ECF, Document 29, filed January 4, 2021, pp.10-15, and

concluded that NYSDHR is empowered to act in a prosecutorial and adjudicatory role on complaints pending before it.

This holding is consistent with state court decisions in which it has been held that state anti-discrimination agencies retain their independent enforcement authority, even when the proceeding was initiated by a complaint from an individual who had agreed to arbitrate the dispute. *See*, *Rent-A-Center, Inc. v. Iowa Civil Rights Com'n*, 843 N.W.2d 727 (2014), *Joule, Inc. v. Simmons*, 459 Mass. 88, 944 N.E.2d 143 (Mass. 2011), *Ladenburg Thalmann & Co. v. Matty*, 36 Misc. 3d 1243(A), 960 N.Y.S.2d 50 (Sup. Ct. New York Co. 2012)*Perfect Building Maintenance v. Ai Ho and New York State Division of Human Rights*, Index No. 100253/2014 (Supreme Court, New York County 2014).

Furthermore, Charter has failed to identify a single court decision from any jurisdiction holding that the processing of a complaint pending before a state fair employment practice agency such as NYSDHR should be enjoined pursuant to an arbitration agreement between an employer and employee.

## CONCLUSION

NYSDHR respectfully requests Petitioner's motion for a preliminary injunction be denied.

Dated: March 1, 2021
Buffalo, New York

*[signature]*

_____
Erin Sobkowski